## CHARLES A. SENK
*vs.*
## THE DANBURY NATIONAL BANK ET AL.

Superior Court     New Haven County     File No. 64457

MEMORANDUM FILED JANUARY 31, 1944.

*Clarence A. Hadden,* of New Haven, for the Plaintiff.

*Albert Aston,* of Woodbury, for the Defendant Town of Southbury.

O'SULLIVAN, J. In the only count of the complaint are to be found two causes of action, the one against the named defendant being based on the breach of a covenant that certain land conveyed to the plaintiff was free and clear of all encumbrances whereas, in fact, it was not, in as much as the unnamed defendant, the Town of Southbury, claimed that a public highway existed over the land in question. The other cause of action is directed against the town because its agents have trespassed on that portion of the land over which the alleged highway runs.

The town's demurrer attacks the complaint on two grounds but a discussion of one will be ample. This ground makes its challenge because the complaint incorporates two separate causes of action which cannot be joined.

Section 5512 of the General Statutes, Revision of 1930, sets forth seven possible situations where joinder is permissible. Of these seven, the plaintiff concedes that the only one upon which he may rely is that one which provides for the joinder of causes of action "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." As one of the plaintiff's causes of action sounds in contract and the other in tort, and each is directed against a different party defendant,

they are improperly joined unless they fall within the above quoted provision.

It is apparent they do not. Granting that the subject of action is the land, the transaction giving rise to the cause against the bank is not the transaction upon which the cause against the town is grounded. The former consists of those events and acts which culminated in the execution and delivery of the deed. The latter has to do with events and acts having not the slightest connection with the execution and delivery of the deed. The causes do not arise out of the same transaction and cannot be joined.

The demurrer is sustained.